# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-596-MOC-DSC

| | |
|---|---|
| **JERRY LEE ROSS,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **J.D. BYRIDER SYSTEMS, INC., et. al.,** | ) ) ) |
| **Defendants.** | ) ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on the following Motions:

1. "Motion to Dismiss of the Defendants Smart Finance, Inc. and Smart Auto, Inc." (document #12),

2. "Motion to Dismiss of the Defendant J.D. Byrider Systems, Inc." (document #18), and

3. "Motion to Dismiss of the Defendant CNAC-Joliet, Inc." (document #20), as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u>, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

As the <u>pro se</u> Plaintiff alleges in his Amended Complaint, this action arises from his purchase and financing of an automobile in 2008. That transaction was also the subject of his

previous lawsuit in Ross v CNAC d/b/a Smart Finance, 3:12cv827-MOC-DCK.  In that case, Plaintiff asserted claims for violation of the Truth in Lending Act (15 USCS §§ 1601 et seq.), Fair Debt Collection Practices Act (15 USCS §§ 1692 et seq.), and Fair Credit Reporting Act (15 USCS §§ 1681 et seq.), as well as state law claims for breach of contract, negligence, gross negligence, and defamation.  In a Memorandum of Decision and Order entered on March 17, 2014, the Honorable Max O. Cogburn, Jr. granted Defendant's Motion for Summary Judgment and dismissed the Complaint with prejudice.  See 3:12cv827-MOC-DCK document #43.  On July 28, 2014, the Fourth Circuit Court of Appeals affirmed Judge Cogburn's decision.  See 3:12cv827-MOC-DCK document #48.

On December 8, 2015, Plaintiff filed the present action against J.D. Byrider Systems, Inc., J.D. Byrider and CNAC.  The Complaint was amended to add Smart Finance, Inc., Smart Auto, Inc. and CNAC Finance, Inc. as Defendants. Smart Finance, Inc. and Smart Auto, Inc. are affiliated companies who share a common parent entity, Keller Group, LLC.

The Amended Complaint alleges that a budget analyst report prepared by Defendants falsely included the statement "$200 Food Stamps," which resulted in Plaintiff being charged a higher interest rate and an additional $5.00 on some payments.   Plaintiff now asserts claims for Intentional Infliction of Emotional Distress (Count 1), Defamation of Character and Slander (Count 2), Fraudulent and Negligent Misrepresentation (Count 3), Negligence (Count 4), Gross Negligence (Count 5), Unfair and Deceptive Trade Practices (Count 6), Violation of the Fair Debt Collections Practices Act (Count 7), Verbal Abuse (Count 8), and Malicious Act and Outrageous Conduct (Count 9).

Defendants have filed timely Motions to Dismiss based upon res judicata and collateral estoppel.  Defendants' Motions to Dismiss have been fully briefed and are ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The doctrine of res judicata precludes a party from re-litigating a claim that was decided or could have been decided in a prior suit. First Union Commer. Corp. v. Nelson, Mullins, Riley & Scarborough, 81 F.3d 1310, 1314-1315 (4th Cir. 1995); Sartin v. Macik, 535 F.3d 284 (4th Cir. 2008). "The doctrine of res judicata or claim preclusion provides that a final judgment on the merits in a prior action bars a second suit involving the same parties or their privies based upon the same cause of action." Steele v. Capitol One Home Loans, LLC, 3:15-cv-595-GCM, 2015 U.S. Dist. LEXIS 168910 (W.D.N.C. Dec. 17, 2015); see also Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997); Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir. 1990). "A judgment in a prior case has a preclusive effect if: (1) there is a final judgment in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." U.S. ex rel. May, 737 F.3d 908, 912 (4th Cir. 2008) (quoting Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013)); see also Jafrum Int'l, Inc. v. Helmut Venture, Inc., C.A. No. 3:14-cv-00566- GCM, 2016 U.S. Dist. LEXIS 4811 (W.D.N.C. Jan. 14, 2016). "If a second suit arises out of the same cause of action as the first, res judicata is an absolute bar, not only to each claim actually litigated in the first suit, but also to each claim which might have been raised

in the prior litigation, even if the Plaintiff fails to do so." Jones v. Hill, 2015 U.S. Dist. LEXIS 58611, *12 (W.D.N.C. Mar. 31, 2015) (emphasis supplied); see also First Union, 81 F.3d at 1315-1316.

In determining whether the causes of action are identical, courts follow the transactional approach. See Clodfelter, 720 F.3d at 210. "This means that two cases are sufficiently identical to meet this test if the latter case "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."" Jafrum at *5, quoting Clodfelter, 720 F.3d at 210. The plaintiff does not have to pursue the same legal theory in the second lawsuit. Rather, the second suit is barred if it arises out of the same transaction or series of transactions or out of the same core of operative facts. First Union, 81 F.3d at 1316. Actual knowledge of the potential claims is not required. Id.

Similarly, collateral estoppel "precludes re-litigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." Weinberger v. Tucker, 510 F.3d 486 (4th Cir. 2007) quoting Virginia Hosp. Ass'n v. Baliles, 830 F.2d 1308, 1311 (4th Cir. 1987). "Issue preclusion applies if the moving party establishes: (1) the issue of fact or law was previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the court's determination of the issue was a critical and necessary part of its decision; (4) the prior judgment was final and valid; and (5) the parties against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the previous forum." Sedlack v. Braswell Servs. Grp., Inc., 134 F.3d 219, 224 (4th Cir. 1998).

Plaintiff's claims in the present action are barred by both res judicata and collateral estoppel. Both actions are based upon Plaintiff's purchase and financing of an automobile by Smart

Finance, Inc. in 2008 and the underwriting performed in conjunction with the loan. A final judgment was entered on the merits in Plaintiff's prior action. Summary Judgment was entered in favor of Smart Finance, Inc. on March 17, 2014. That decision was affirmed by the Fourth Circuit. The operative facts and issues raised by Plaintiff in this action were previously litigated at both summary judgment and on appeal. Plaintiff was given a full and fair opportunity to litigate his claims. Plaintiff's inclusion of additional causes of action in the present action does not overcome the application of res judicata. As previously held by the Fourth Circuit, it is enough if the second suit arises out of the same transaction or series of transactions or out of the same core of operative facts. See First Union, 81 F.3d at 1316. For those same reasons, collateral estoppel also bars the present action.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Motion to Dismiss of the Defendants Smart Finance, Inc. and Smart Auto, Inc." (document #12), "Motion to Dismiss of the Defendant J.D. Byrider Systems, Inc." (document #18), and "Motion to Dismiss of the Defendant CNAC-Joliet, Inc." (document #20) be **GRANTED** and the Complaint **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff, Defendants' counsel, and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: April 13, 2016

David S. Cayer
United States Magistrate Judge