UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00596-MOC-DSC

| | |
|---|---|
| **JERRY LEE ROSS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **J.D. BYRIDER SYSTEMS, INC.** | ) |
| **SMART FINANCE, INC.** | ) |
| **CNAC** | ) |
| **SMART AUTO, INC.,** | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings

1

and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Plaintiff, who is proceeding *pro se*, has timely filed five enumerated objections to the Memorandum and Recommendation of Honorable David S. Cayer, United States Magistrate Judge. In that decision, Judge Cayer, after conducting a though review of the Complaint, recommended the dismissal of this action in accordance with Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiff objections are, as follows:

1. Objection: to Recommendation and Order;

2. Objection: Res Judicata and Collateral Estoppel;

3. Objection: to statement on page 4 document 27;

4. Objection: to statement on page 5 document 27; and

5. Objection: page 6 document 27: Recommendation.

Each objection will be carefully reviewed *seriatim*.

In his First Objection, plaintiff contends that the court should not dismiss the action because defendants failed to first answer the complaint. Such objection is without merit as Rule 12 specifically allows a party to move to dismiss in lieu of filing an answer. Fed.R.Civ.P. 12(b). This Objection is overruled.

In his Second Objection, plaintiff contends that because this action alleges a different cause of action than he alleged in his previous lawsuit against these defendants,

his action is not barred by the doctrines of *res judicata* or *collateral estoppel*. The doctrines relied on by Judge Cayer do not, however, look to whether the cause of action has been previously asserted, but to whether plaintiff has previously challenged the same transaction or the core operative facts from which this action springs. Indeed, to avoid piecemeal litigation, a party is required to bring all causes of action he or she may have stemming from the contested transaction or occurrence against such parties or forever lose those causes.

*Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946-47 (D.C.Cir.1983). The four factors that must exist for res judicata to apply are (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits. Brannock Assocs., Inc. v. Capitol 801 Corp., 807 F.Supp. 127, 134 (D.D.C.1992). The purpose of *res judicata* is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C.Cir. 1981).

Here, plaintiff argues that the cause of action brought this time is different from the one he brought in his earlier lawsuit, which the court reads to be an assignment of error to the fourth factor. The doctrine of *res judicata* applies to all the rights regarding matters that *could* have been litigated as well as those matters that were *actually* litigated. I.A.M. Nat'l Pension Fund, 723 F.2d at 947. Both the prior and current litigation arise from the plaintiff

s purchase and financing of a vehicle by Smart Finance, Inc., and the underwriting associated with the loan. Because the current action arises from the same transaction and core operative facts as the prior action and because the issues concerning that transaction were fully litigated in the prior action, the doctrines of res judicata and collateral estoppel preclude the current action. Plaintiff's Second Objection is overruled.

In his Third Objection, plaintiff contends that he was unable to bring this cause of action in the prior action because he did not discover the claim until discovery was conducted in the prior action, to wit, he did not discover the statement "$200 food stamps" of the budget form until discovery. Res judicata is an absolute bar, not only to each claim actually litigated in the first suit, but also to each claim which might have been raised in the prior litigation, even if the Plaintiff fails to do so. Jones v. Hill, 2015 U.S. Dist. LEXIS 58611, *12 (W.D.N.C. Mar. 31, 2015); see also First Union Commer. Corp. v. Nelson, Mullins, Riley & Scarborough, 81 F.3d 1310, 1315-1316 (4th Cir. 1995). Clearly, the claim here arises out of the very transaction which was previously litigated. Plaintiff's Third Objection is overruled.

In his Fourth Objection, plaintiff objects to Judge Cayer's finding that the claims should be dismissed under the doctrine of collateral estoppel and contends that he was not provided a fair opportunity to litigate this matter because he had no knowledge of the offending statement until after the prior action was commenced. Taking such allegation that he only discovered the claim in discovery, plaintiff does not explain why he did not then seek leave to amend his complaint under Rule 15 and seems to ignore the fact that he *actually litigated* the "$200 Food Stamps" issue at summary judgment in the prior action.

See Ross v. CNAC, 3:12cv827 (#41 at 4) (arguing that summary judgment should be denied because the alleged fabrication was supported "by the falsified information presented to their Underwriter that the Plaintiff received 8200 worth of Government Food Stamps Assistance…."). Collateral estoppel "'precludes relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate.'" Weinberger v. Tucker, 510 F.3d 486, 491 (4th Cir. 2007) quoting Virginia Hosp. Ass'n v. Baliles, 830 F.2d 1308, 1311 (4th Cir. 1987). Plaintiff's Fourth Objection is without merit and is overruled.

As to plaintiff's Fifth Objection, plaintiff contends that he has named parties in this action that were not named in the prior action and that dismissal through collateral estoppel is not warranted because they were not parties in the first action. Collateral estoppel does not require the same parties and may be asserted by a party even it if was neither a party nor in privity with a party from the prior action. McLemore v. Stephens, 1997 U.S. Dist. LEXIS 21897 (W.D.N.C. Dec. 4, 1997). Collateral estoppel is issue preclusion and does not pivot on privity. Failing to join these additional defendants in the earlier action does not afford plaintiff a second opportunity to litigate claims which have been previous disposed of by this court. Plaintiff's Fifth Objection is overruled.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation

and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#27) is **AFFIRMED,** plaintiff's Objections (#28) are **OVERRULED,** defendants' Motions to Dismiss (#s 12, 18, and 20) are **GRANTED,** and this action is **DISMISSED WITH PREJUDICE**.

All other pending motions are **DENIED** as moot.

Signed: June 8, 2016

Max O. Cogburn Jr.
United States District Judge